PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>HANTI GAMEZ,<br><br>    Defendant. | CASE NO. 23-CR-0289 MMC<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: March 12, 2025<br>Hearing Time: 2:15 pm<br><br>Hon. Maxine M. Chesney |

## INTRODUCTION

Defendant Hanti Gamez has been selling drugs in San Francisco for years. Since 2015, the San Francisco Police Department has arrested him 10 times for possession of drugs for sale. During the summer of 2023, however, Defendant's business turned tragic. On July 2, 2023, he sold drugs—ostensibly cocaine—to a customer in San Francisco. This person later shared those drugs with others, including a young man named Gabriel Clark. What Mr. Clark didn't know, however, was that the drugs he took contained fentanyl, and he overdosed and died. He was just 34 years old.

Defendant Gamez stands before the Court to be sentenced for another drug sale later that summer and for possessing a firearm and ammunition when police searched his residence. He pleaded

guilty pursuant to a plea agreement to possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Section 841(a)(1), and being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).  The government respectfully submits this sentencing memorandum to inform the Court that it has no objections to the Presentence Report and to recommend that the Court sentence Defendant Gamez to a term of 96 months, followed by four years of supervised release, a $200 special assessment, and $11,857.05 in restitution for Gabriel Clark's funeral expenses.

## DEFENDANT'S OFFENSE CONDUCT

On July 2, 2023, Defendant Gamez sold one gram of what was represented to be cocaine in exchange for $80.  He met with a customer on the sidewalk near the intersection of 6th Street and Clara Alley in San Francisco, in the Northern District of California.  That customer then shared the drugs with two other people, including Gabriel Clark.  Mr. Clark later died from acute fentanyl, cocaine, and ethanol intoxication.

Seven days later, on July 9, 2023, Defendant Gamez sold 25.33 grams of fentanyl to an undercover officer in exchange for $160.  On July 11, 2023, he sold the undercover officer 3.46 grams of cocaine and 81.55 grams of fentanyl in exchange for $620.

After these controlled purchases, on August 8, 2023, law enforcement officers searched Defendant' residence.  In his residence, they found a loaded firearm and a box of ammunition.  They also found 535 grams of fentanyl, 61.3 grams of methamphetamine, 60 grams of fentanyl tables in "M30" pill form, 239 grams of cocaine, and 46 grams of heroin.

## SENTENCING GUIDELINES CALCULATION

As the Probation Officer correctly notes, the Guidelines for the two counts of conviction are calculated using the Guideline for the Section 841(a)(1) offense, as the possession of the firearm is included as specific offense characteristic of that crime.

    a.    Base Offense Level:    30
           U.S.S.G. §§ 2D1.1(a)(5),(c)(5)

    b.    Specific Offense Characteristics:
           U.S.S.G. § 2D1.1(b)    +2
           (Possession of a Firearm)

|   |   |   |   |
|---|---|---|---|
| c. | Acceptance of Responsibility: | | - 3 |
| d. | Adjusted Offense Level: | | 29 |

Defendant Gamez has five criminal convictions—one felony and four misdemeanors—and as a result, he has earned a Criminal History Category of III.  A CHC III and an adjusted offense level of 29 results in a Guidelines range of 105-135 months.  The Section 841(a)(1) conviction provides a mandatory minimum term of 60 months.  The plea agreement into which the defendant and the government entered has an agreed-upon range of 72-96 months.

For the reasons set forth below, the government submits that a slight variance to 96 months is sufficient, but not greater than necessary, to meet the goals of sentencing in this case.

## SECTION 3553(A) FACTORS

The most critical factors under Section 3553(a) in this case are the history and characteristics of the defendant, the nature and circumstances of the offense, the need for deterrence, and the need for just punishment.

With respect to the defendant's history and characteristics, it is critical to note that Defendant Gamez was not selling drugs out of desperation.  He was not in the throes of addiction, doing what he needed to feed his habit. Defendant Gamez was a professional.  He had multiple drugs for sale, including fentanyl, methamphetamine, cocaine, and heroin.  He also had a critical tool of the trade—a loaded firearm.  His criminal record shows that he has been in this business for years, with ten arrests for possessing drugs for sale.  A sentence of 96 months is necessary for deterrence.

Although the defendant did not know that he sold fentanyl to Gabriel Clark's friend, Gamez knowingly sold fentanyl to an undercover officer on two occasions, and he had a large stockpile of the drug for sale in his room.  The defendant knew what fentanyl was, and he made his living selling that lethal poison on the streets of San Francisco.

With respect to the nature of the offense, Gabriel Clark is dead because of drugs that Defendant sold.  The loss of Mr. Clark as a son, brother, cousin, friend, teacher, and mentor is expressed in the many impact statements offered by his loved ones.  They are submitted here as Attachment A.  The grief and pain reflected in their words is palpable, and their eloquence in the face of that loss is remarkable.

Their statements show that with Gabriel Clark's passing, a great light in this world was extinguished. Defendant Gamez's actions, which led to that loss, call for just punishment.

The government submits, however, that the Court should vary downward from the 105-135 month Guideline range because the defendant's acceptance of responsibility helped Mr. Clark's loved ones participate in this proceeding. Defendant Gamez did not specifically plead guilty to the transaction that led to Mr. Clark's death. In fact, the Indictment does not list that sale among the counts. But in the factual basis in his plea agreement, the defendant acknowledges that he sold the drugs that killed Gabriel Clark. In doing so, he placed Mr. Clark's death within the scope of relevant conduct under Section 1B1.3 of the Guidelines. This removed any uncertainty whether the family had a right to be heard at sentencing.

In the government's view, this acceptance of responsibility for uncharged conduct merits a slight variance.

## CONCLUSION

For the reasons set forth above, the government respectfully recommends that the Court sentence Defendant Hanti Gamez to a term of 96 months' imprisonment, four years of supervised release, and a $200 special assessment, and that it order restitution in the amount of $11,857.05.

DATED: March 5, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

/s/ *Kevin J. Barry*

KEVIN J. BARRY
Assistant United States Attorney